## IN THE UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF SOUTHERN, DIVISION OF TEXAS

| | | |
|---|---|---|
| Ted Slocum, individually and on behalf of others similarly situated.<br>Plaintiffs, | §<br>§<br>§<br>§<br>§ | |
| v. | §<br>§ | COLLECTIVE ACTION |
| Averitt Express, Inc.,<br>Defendant. | §<br>§<br>§ | |

## PRELIMINARY STATEMENT

1.      This is a putative collective action brought by Ted Slocum ("Plaintiff") to recover overtime pay from his employer, Averitt Express, Inc.

2.      Plaintiff brings this putative collective action on behalf of himself and all similarly situated individuals for violations of the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA"). See 29U.S.C. § 216(b).

3.      The putative FLSA Collective is defined as: all employees who Defendant employed before during and after this time.

4.      Plaintiff and those similarly situated routinely work more than forty (40) hours in a workweek but are or were not paid an overtime premium for their overtime hours.

## JURISDICTION AND VENUE

5.      This Court has original jurisdiction pursuant to 28 U.S.C. § 1331 to hear this Complaint and to adjudicate these claims because this action is brought under the FLSA.

6.      Venue is proper in the United States District Court for the Southern District of Texas pursuant to 28 U.S.C. § 1391 because Defendant operates in this district, Plaintiff worked for Defendant in this district, and a substantial part of the events or omissions giving rise to the claims occurred in this district.

## PARTIES

7.      Plaintiff is a Dock Worker of Houston, Texas. Plaintiff was employed by Defendant as a Dock Worker in Houston, Texas, and had been employed in the position since July 2005.

8.      Defendant Averitt Express, Inc. is a privately owned transportation and supply chain management company based in Cookeville, Tennessee. The company was founded as Livingston Merchant's Co-op in 1958 and incorporated as Averitt Express, Inc in 1969.

9.      Upon information and belief, Defendant gross annual sales made, or business done has been in excess of $500,000.00 at all relevant times.

10.     At all relevant times, Defendant is, and has been, "employer" engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 203(d).

## FACTUAL ALLEGATIONS

11.     Defendant employs Dock Workers in numerous locations across the country.

12.     Defendant operated a willful scheme to deprive Dock Workers of overtime compensation. Plaintiff and similarly situated individuals work or worked as Dock Workers, or in similar job titles.

13.     As a Dock Worker, Plaintiff and the other similarly situated individuals' primary job duties are and were non-exempt in nature. These duties include, but are not limited to, include transferring cargo from the truck, loading and unloading trucks and trailers, and seeing that all damaged or lost items were reported to supervisors.

14.     Plaintiff and the similarly situated individuals are or were paid wages with no overtime pay when Defendant classified them during the statutory period.

15.     Defendant permitted Plaintiff and the other similarly situated individuals to work more than forty (40) hours per week without overtime pay.

16.     Plaintiff routinely worked overtime hours. On average, Plaintiff estimates he worked about 44 and 50 hours per week. Defendant expects Plaintiff and other Dock Workers to work long hours to meet their production goals, which routinely results in overtime work.

17.     Plaintiff also worked some weekends, resulting in additional unpaid overtime hours

18.     Defendant knew that Plaintiff and other similarly situated individuals worked overtime hours, not only because the demands they placed on their Dock Workers required it, but also because Plaintiff notified supervisors he received no overtime pay.

19.     Plaintiff restates and incorporates by reference the above paragraphs as if fully set forth herein.

2

20.     Plaintiff consents in writing to be a part of this action pursuant to 29 U.S.C. § 216(b). Plaintiff's signed consent form is attached hereto as Exhibit "A". As this case proceeds, it is likely that individuals will file consent forms and join as "opt-in" plaintiffs.

21.     During the applicable statutory period, Plaintiff and the other similarly situated individuals routinely worked in excess of forty (40) hours in a workweek without receiving overtime compensation for their overtime hours worked.

22.     Defendant willfully engaged in a pattern of violating the FLSA, in ways including, but not limited to, paying straight time wages for hours over 40 per week and subjecting them to mandatory overtime work.

23.     Defendant is liable under the FLSA for failing to properly compensate Plaintiff and the putative FLSA Collective. Accordingly, notice of this action should be sent to the putative FLSA Collective. There are numerous similarly situated individuals who have suffered from Defendant's practice of denying overtime pay, and who would benefit from the issuance of court supervised notice of this lawsuit and the opportunity to join. Those similarly situated employees are known to Defendant and are readily identifiable through their records.

24.     Plaintiff restates and incorporates by reference the above paragraphs as if fully set forth herein.

## CLAIM FOR RELIEF
## FAIR LABOR STANDARDS ACT – FAILURE TO PAY OVERTIME

25.     Plaintiff restates and incorporates by reference the above paragraphs as if fully set forth herein.

26.     The FLSA, 29 U.S.C. § 207, requires employers to pay non-exempt employees one and one-half times the regular rate of pay for all hours worked over forty (40) hours per workweek.

27.     Defendant permitted Plaintiff and the other similarly situated individuals to routinely work more than forty (40) hours in a workweek without overtime compensation.

28.     Defendant's actions violate the FLSA's overtime requirements by regularly and repeatedly failing to compensate Plaintiff and the other similarly situated individuals overtime compensation.

29.     As the direct and proximate result of Defendant's unlawful conduct, Plaintiff and the others similarly situated individuals have suffered and will continue to suffer a loss of income and other damages. In addition to their overtime wages, Plaintiff and the other similarly situated individuals are entitled to liquidated damages and attorney's fees and costs incurred in connection with this claim.

3

30.     By failing to accurately record, report, and/or preserve records of hours worked by Plaintiff and the other similarly situated individuals, Defendant has failed to make, keep, and preserve records with respect to its employees sufficient to determine their wages, hours, and other conditions and practice of employment, in violation of the FLSA, 29 U.S.C. § 201, et seq.

31.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a). Defendant knew or showed reckless disregard for the fact that their compensation practices were in violation of the law.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of himself and the putative FLSA Collective, prays for judgment against Defendant as follows:

A. Designation of this action as a collective action on behalf of Plaintiff and those similarly situated, and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all those similarly-situated apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual consent forms;

B. A finding that Plaintiff and the putative FLSA Collective are non-exempt employees entitled to protection under the FLSA;

C. A finding that Defendant violated the overtime provisions of the FLSA;

D. Judgment against Defendant in the amount of Plaintiff's and the putative FLSA Collective's unpaid back wages at the applicable overtime rates;

E. An award of all damages, liquidated damages, pre-judgment interest and post-judgment interest;

F. An award of attorneys' fees and costs incurred in prosecuting this action;

G. Leave to add additional plaintiffs and/or state law claims by motion, the filing of consent forms, or any other method approved by the Court; and

H. For such other and further relief, in the law or equity, as this Court may deem appropriate and just.

5

Respectfully submitted,
**LAW OFFICES OF KEITH LOVELACE**
8303 Southwest Freeway, Suite 975
Houston, Texas 77074-1622

By:

Keith Lovelace
SBN: 12600700
STDFBN:19678
Telephone (713) 777-0500
Facsimile (713) 995-5555
klovelace@lovelacefirm.com

**ATTORNEY FOR PLAINTIFF,
TED SLOCUM**